SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------X

SERIES 2020A OF NAHLA CAPITAL LLC,     :
                                        :        Index No.
                    Plaintiff,          :
                                        :
        - against -                     :        **SUMMONS**
                                        :
ALYSSA SOTO BRODY,                      :
                                        :
                    Defendant.          :
                                        :
------------------------------X

TO:   Alyssa Soto Brody,  The Development Marketing Team, 290 Fifth Avenue, Sixth Floor, New
      York, New York, 10001

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to

serve a copy of your answer, or, if the complaint is not served with this summons, to serve a

notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this

summons, exclusive of the day of service (or within 30 days after the service is complete if this

summons is not personally delivered to you within the State of New York); and in case of your

failure to appear or answer, judgment will be taken against you by default for the relief

demanded in the complaint.

Dated:  New York, New York
        July 26, 2022

                              HUNTON ANDREWS KURTH LLP

                        By: _____
                              Patrick L. Robson
                              200 Park Avenue, 52nd Floor
                              New York, NY 10166-0005
                              212-309-1000
                              probson@HuntonAK.com

                              *Attorneys for Plaintiff*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

|  |  |  |
|---|---|---|
| SERIES 2020A OF NAHLA CAPITAL LLC, | : | Index No. |
| Plaintiff, | : |  |
| v. | : | **COMPLAINT** |
| ALYSSA SOTO BRODY, | : |  |
| Defendant. | : |  |

Plaintiff, Series 2020A of Nahla Capital LLC ("**Nahla**"), by and through its attorneys, Hunton Andrews Kurth LLP, as and for its Complaint against Defendant Alyssa Soto Brody, states and alleges as follows:

## NATURE OF THE ACTION

1.     Nahla brings this action to protect and preserve its rights as a creditor of Eric Brody pursuant to two guaranty agreements (the "**Guaranties**") and as judgment-creditor pursuant to a $13 million judgment (the "**Judgment**") that the Supreme Court of the State of New York, County of New York ordered the Clerk to enter on November 10, 2021 and that was entered on November 17, 2021 against Joseph Klaynberg and Eric Brody. *Series 2020A of Nahla Capital LLC v. Klaynberg*, Index No. 650347/2021 (Sup. Ct. N.Y. Cnty.) (Dkt. 114, 117).

2.     On April 14, 2021, the Supreme Court, New York County granted Nahla's motion for summary judgment in lieu of complaint as to liability, finding that Mr. Klaynberg and Mr. Brody were liable to Nahla under Guaranties they had made in connection with a multi-million dollar mezzanine loan. *Id.* (Dkt. 69).

3.     Just five days after the Court ordered the Clerk to enter the $13 million Judgment

1

against Mr. Klaynberg and Mr. Brody, Mr. Brody transferred a Merrill Lynch account to his wife, Defendant Alyssa Soto Brody.

4. In addition, on January 1, 2021, well after the loan guaranteed by Mr. Klaynberg and Mr. Brody went into default and Nahla demanded payment under the Guaranties, Mr. Brody transferred a 29% membership interest in The Brody Group LLC ("TBG") to his wife, Defendant Alyssa Soto Brody. This transfer followed a prior transfer of 70% membership interest in TBG from Eric Brody to Ms. Soto Brody, in both cases without consideration. As a result of both transfers, as of January 1, 2021, Mr. Brody retained only a 1% membership interest in TBG.

5. Defendant Alyssa Soto Brody, as the transferee, is liable to Nahla for fraudulent conveyance. Mr. Brody currently owes Nahla over $13 million as a result of the Judgment entered against him. In an effort to avoid satisfying that debt, he transferred a bank account and substantially all of his membership interest in TBG to his wife, Defendant Alyssa Soto Brody, for no consideration. Nahla is therefore entitled to avoid the fraudulent transfers and recover the conveyed assets or the value thereof from Defendant.

## PARTIES

6. Plaintiff Nahla is a registered Series of Nahla Capital LLC, a limited liability company established under Delaware law and authorized to do business in New York. Nahla has offices located at 645 Madison Avenue, 21st Floor, New York, New York 10022.

7. Defendant Alyssa Soto Brody is an individual with a principal place of business at 290 Fifth Avenue, Sixth Floor, New York, New York, 10001. Ms. Brody holds a New York broker license.[1] Her broker license number is 10491210417. She is the co-founder and co-executive of The Development Marketing Team, a real estate sales and marketing brokerage

---

[1] NEW YORK STATE, EACCESSNY OCCUPATIONAL LICENSING MGMT. SYS. (last visited July 22, 2022), https://appext20.dos.ny.gov/nydos/selSearchType.do (providing license information for Ms. Brody through "Search by Name" link).

2

headquartered in New York, New York, with its office at 290 Fifth Avenue, Sixth Floor, New York, New York 10001.[2]  The Development Marketing Team also has a New York broker license, and its number is 10991233938.[3]  The Development Marketing Team's website exclusively lists properties for sale and rent in the New York City area.[4]

## JURISDICTION AND VENUE

8.    This Court has personal jurisdiction over Defendant Alyssa Soto Brody because she is a New York-licensed real estate broker continuously and systematically doing business in New York.  She is the co-founder and co-executive of a real estate sales and marketing brokerage firm headquartered in New York, New York that sells properties located in the New York, New York area.  CPLR 301.

9.    Venue is properly laid here because Nahla's principal office is located in this county.  CPLR 503(a).

## FACTUAL ALLEGATIONS

**The Loan**

10.    On January 14, 2019, Deutsche Bank AG, New York Branch ("**DB**"), entered into a Mezzanine Loan Agreement (as amended, the "**Loan Agreement**") with WWML96 DE MEZZ, LLC ("**Borrower**"), under which DB made a mezzanine loan to Borrower in the original principal amount of $24,939,394.00 (the "**Loan**") in connection with the construction of a residential condominium building located at 302-304 East 96th Street, New York, NY 10128 (the "**Property**").  Evidencing DB's loan to Borrower is a Mezzanine Promissory Note dated

---

[2] *The DMTeam*, DEVELOPMENT MKTG. TEAM (last visited July 22, 2022), https://developmentmarketingteam.com/theteam/; *Development Marketing Team*, LINKEDIN (last visited July 22, 2022), https://www.linkedin.com/company/development-marketing-team.
[3] NEW YORK STATE, EACCESSNY OCCUPATIONAL LICENSING MGMT. SYS. (last visited July 22, 2022), https://appext20.dos.ny.gov/nydos/selSearchType.do (providing license information for Development Marketing Team through "Search by Name" link).
[4] *See Neighborhoods*, DEVELOPMENT MKTG. TEAM (last visited July 22, 2022), https://developmentmarketingteam.com/neighborhoods/ (listing only New York City neighborhoods).

3

January 14, 2019 (the "**Note**").

11.      In addition to executing the Note, the Borrower entered into a Pledge and Security Agreement (the "**Pledge Agreement**"), whereby it pledged for the benefit of DB its 100% membership interest in WWML96 DE Pledge LLC ("**Collateral**").

12.      WWML96 DE Pledge LLC is a Delaware limited liability company, which at the time held 100% of the ownership interest in WWML96 DE, LLC, the entity that owned the Property.

**The Guaranties**

13.      Also on January 14, 2019, in connection with and as consideration for the Loan, Mr. Klaynberg and Mr. Brody (the "**Guarantors**"), jointly and severally, absolutely irrevocably and unconditionally guaranteed to promptly pay DB the guaranteed obligations pursuant to the terms of a Mezzanine Carry and Punchlist Shortfall Guaranty (the "**Carry Guaranty**") and a Mezzanine Guaranty of Recourse Obligations (the "**Recourse Guaranty**"), as additional security for Borrower's obligations on the Loan and Note (the "**Guaranties**") and, along with the Loan Agreement, the Note, and the Pledge Agreement, the "**Loan Documents**").

14.      Mr. Klaynberg and Mr. Brody agreed to pay immediately upon demand any monetary obligation arising from the respective guaranteed obligations not paid when due.

15.      DB assigned to Meadowbrooke Limited ("**Meadowbrooke**") 100% of its interest in the Loan and all of its right, title, and interest in the Loan Documents, together with all of its right, title and interest in and to all documents and instruments related to the Loan ("**Assigned Interest**"), pursuant to the Loan Assignment and Assumption Agreement made as of May 30, 2019.  Also on May 30, 2019, DB executed an allonge to the Note in favor of Meadowbrooke.

16.      On September 29, 2020, Meadowbrooke assigned the Assigned Interest to Nahla

and executed an allonge to the Note in favor of Nahla.

17.     Nahla became successor in interest to Meadowbrooke, as successor in interest to DB, and owner and holder of the Loan Documents, including the Guaranties.

**The Borrower's Default, UCC Sale, and Nahla's Enforcement of Claims Under the Guaranties**

18.     On January 1, 2020, the Borrower defaulted on its obligations under the Loan Agreement, as it failed to make interest and other payments due on that date.

19.     Over the next several months, Nahla (or its predecessor, Meadowbrooke) refrained from exercising remedies against the Collateral and engaged in extensive, good-faith settlement discussions with Borrower.

20.     In connection with these settlement discussions, the parties entered into a forbearance agreement dated January 31, 2020 (the "**Forbearance Agreement**"), whereby Nahla's predecessor, Meadowbrooke, agreed to forbear for four months from exercising rights and remedies under the Loan Documents.

21.     On April 1, 2020, the Borrower defaulted under the Loan Agreement and the Forbearance Agreement.

22.     Since then, the Borrower failed to make any further interest payments or any other required payments under the Loan Agreement as they became due.

23.     Neither Borrower nor Guarantors cured the defaults or repaid Nahla (or its predecessor) for the protective advances it had made to cure Borrower's defaults.

24.     On October 1, 2020, Nahla sent a notification of disposition of collateral to the Borrower, among other parties, notifying those parties that the Collateral would be sold at a public sale under the terms of the New York Uniform Commercial Code ("**UCC**") on December 8, 2020.

25.     On October 2, 2020, Nahla sent a letter to both Guarantors demanding payment of $2,784,195, which was the amount then due under the Loan Agreement and the Carry Guaranty.

26.     Nahla's letter also informed Guarantors that once a planned UCC sale of the Collateral was completed, the aggregate total amount due would increase by no less than $1,272,412, absent any payments by the Borrower or the Guarantors in the interim.

27.     Nahla's letter also informed Guarantors that Nahla had incurred legal fees to preserve its rights under the Guaranties.

28.     On October 6, 2020, Nahla sent an amended notification of disposition of collateral to the Borrower, among other parties, notifying those parties of amended terms of sale for the Collateral to be sold at the public UCC sale scheduled for December 8, 2020.

29.     On December 8, 2020, the Collateral securing the Loan under the Pledge Agreement was sold at a public auction under the terms of the UCC.

30.     On December 28, 2020, Nahla sent a letter to the Guarantors demanding payment on or before January 8, 2021 of all amounts still due under the Carry Guaranty ($3,681,935).

31.     On December 28, 2020, Nahla sent a letter to the Guarantors demanding payment on or before January 8, 2021 of all amounts due under the Recourse Guaranty ($12,029,022).

32.     Neither Guarantor paid to Nahla any amounts due under the Guaranties by January 8, 2021 or at any time thereafter.

33.     On January 18, 2021, Nahla brought an action against both Guarantors by filing a motion for summary judgment in lieu of complaint (the "**Prior Action**").  *Series 2020A of Nahla Capital LLC v. Klaynberg*, Index No. 650347/2021 (Sup. Ct. N.Y. Cnty.) (Dkt. 2).

34.     Through the Prior Action, Nahla sought to enforce its rights under the Carry Guaranty.  In addition, Nahla asserted that certain prohibited actions by Borrower triggered the

6

Case 1:22-cv-07122-PAE   Document 1-1   Filed 08/21/22   Page 8 of 21

Guarantors' liability under the Recourse Guaranty. The guaranteed obligations under the Recourse Guaranty included the obligation to pay all of Borrower's obligations, including payment of the outstanding principal and interest of the Loan.

35. Through the Prior Action, Nahla sought to recover a total of $12,125,505, together with interest, attorneys' fees, costs, disbursements and all applicable charges, on account of the Guaranties.

36. On April 14, 2021, the Court granted Nahla's motion for summary judgment in lieu of complaint as to liability, and held in abeyance the determination of the amount of damages pending resolution of a related litigation brough by Borrower. *Series 2020A of Nahla Capital LLC v. Klaynberg*, Index No. 650347/2021 (Sup. Ct. N.Y. Cnty.), (Dkt. 69).

37. On November 10, 2021, the Court ordered the Clerk to enter a $13,196,612.65 judgment against the Guarantors. *Series 2020A of Nahla Capital LLC v. Klaynberg*, Index No. 650347/2021 (Sup. Ct. N.Y. Cnty.), (Dkt. 114). The Judgment was entered on November 17, 2021. *Series 2020A of Nahla Capital LLC v. Klaynberg*, Index No. 650347/2021 (Sup. Ct. N.Y. Cnty.), (Dkt. 117).

38. All Judgment amounts remain due and unpaid.

**The Improper Transfers from Eric Brody to Defendant Alyssa Soto Brody**

39. Eric Brody made at least two transfers of assets to his wife, Defendant Alyssa Soto Brody, in an effort to protect his assets from creditors, including Nahla.

40. First, Eric Brody admitted that on November 15, 2021 he transferred a Merrill Lynch bank account to his wife, Defendant Alyssa Soto Brody (the **"Bank Account Transfer"**). At that time, both Eric Brody and Alyssa Soto Brody knew or should have known that the Court in the Prior Action had ordered the entry of a $13 million Judgment against Eric Brody and his

co-defendant, jointly and severally, five days earlier. Mr. Brody did not disclose the amount of cash or investments in the transferred account as of November 15, 2021. And although given multiple opportunities to disclose any consideration Alyssa Soto Brody had given him for the transferred account, he never confirmed having received any.

41.     Second, Mr. Brody had created the limited liability company TBG in the 2000s, and used it to collect income that he generated over time through different business activities. For years, he was the sole owner and the Managing Member of TBG. However, on April 15, 2019, about three months after Mr. Brody signed the Guaranties, he transferred 70% of his 100% interest in TBG to Defendant Alyssa Brody. Upon information and belief, she paid no consideration for the transfer. Rather, she contributed $100 to TBG's capital. Eric Brody's Tr.[5] at 165:9-166:25. At that time, both Eric Brody and Alyssa Soto Brody had contributed $100 each to TBG's capital, yet Eric Brody only held 30% of the membership interests of the company whereas Defendant held 70%. *Id.*

42.     Then on January 1, 2021—three months after Nahla demanded payment to Eric Brody under one of the Guaranties, and less than a week after it demanded a larger payment due under both Guaranties—he transferred 29% of his interests in TBG to Defendant Alyssa Soto Brody, leaving him with only a 1% interest in the company (the **"Membership Interest Transfer"**). *Id.* at 177:9-13. According to his sworn testimony, Mr. Brody does not recall having received any consideration from Defendant Alyssa Soto Brody for the transfer. *Id.* at 176:10-12.

43.     Upon information and belief, Eric Brody transferred additional assets to Defendant, and has shielded his assets behind the corporate structure of TBG, all as part of a

---

[5] "Eric Brody's Tr." refers to the transcript of the deposition of Eric Brody taken pursuant to a post-Judgment subpoena served by Nahla in the Prior Action.

scheme to prevent creditors from reaching his assets.

44.     Nahla continues to have received no payment from Mr. Brody or Mr. Klaynberg to satisfy the $13 million Judgment.

### CLAIM I
**Avoidance and Recovery of the Bank Account Transfer as an
Actual Fraudulent Transfer
(New York Debtor & Creditor Law §§ 273(a)(1) and 276)**

45.     Nahla adopts and incorporates by reference the allegations set forth above in paragraphs 1–44.

46.     The Bank Account Transfer was made with the actual intent to hinder, delay, or defraud a creditor of Mr. Brody's.

47.     Mr. Brody made the Bank Account Transfer within four years before the filing of this Complaint.

48.     Defendant Alyssa Soto Brody received the Bank Account Transfer, and therefore is the initial transferee of the Bank Account Transfer and/or the party for whose benefit the Bank Account Transfer was made.

49.     Therefore, Nahla, as Mr. Brody's creditor, is entitled to a judgment against Defendant Alyssa Soto Brody, pursuant to Section 273(a)(1) of the New York Debtor & Creditor Law, (a) avoiding, preserving, and recovering the Bank Account Transfer for the benefit of Nahla, (b) directing that the Bank Account Transfer be set aside, or alternatively, (c) awarding Nahla a judgment in the amount of the value of the Bank Account Transfer.

### CLAIM II
**Avoidance and Recovery of the Bank Account Transfer as a
Constructive Fraudulent Transfer
(New York Debtor & Creditor Law §§ 273(a)(2) and 276)**

50.     Nahla adopts and incorporates by reference the allegations set forth above in

9

paragraphs 1–49.

51.     Mr. Brody received less than reasonably equivalent value in exchange for the Bank Account Transfer.

52.     At the time of the Bank Account Transfer, Mr. Brody was engaged or about to become engaged in business or a transaction for which the remaining assets of Mr. Brody after the Bank Account Transfer was unreasonably small in relation to the business or transaction.

53.     At the time of the Bank Account Transfer, Mr. Brody intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as such debts matured.

54.     Mr. Brody made the Bank Account Transfer within four years before the filing of this Complaint.

55.     Defendant Alyssa Soto Brody received the Bank Account Transfer, and therefore is the initial transferee of the Bank Account Transfer and/or the party for whose benefit the Bank Account Transfer was made.

56.     Therefore, Nahla, as Mr. Brody's creditor, is entitled to a judgment against Defendant Alyssa Soto Brody, pursuant to Section 273(a)(2) of the New York Debtor & Creditor Law (a) avoiding, preserving, and recovering the Bank Account Transfer for the benefit of Nahla, (b) directing that the Bank Account Transfer be set aside, or alternatively, (c) awarding Nahla a judgment in the amount of the value of the Bank Account Transfer.

**CLAIM III**
**Avoidance and Recovery of the Bank Account Transfer as a**
**Constructive Fraudulent Transfer**
**(New York Debtor & Creditor Law §§ 274(a) and 276)**

57.     Nahla adopts and incorporates by reference the allegations set forth above in paragraphs 1–56.

10

58.    Mr. Brody received less than reasonably equivalent value in exchange for the Bank Account Transfer.

59.    Upon information and belief, Mr. Brody was insolvent at the time the Bank Account Transfer was made, or became insolvent as a result thereof.

60.    Mr. Brody made the Bank Account Transfer within four years before the filing of this Complaint.

61.    Defendant Alyssa Soto Brody received the Bank Account Transfer, and therefore is the initial transferee of the Bank Account Transfer and/or the party for whose benefit the Bank Account Transfer was made.

62.    Therefore, Nahla is entitled to a judgment against Defendant Alyssa Soto Brody, pursuant to Section 274(a) of the New York Debtor & Creditor Law (a) avoiding, preserving, and recovering the Bank Account Transfer for the benefit of Nahla, (b) directing that the Bank Account Transfer be set aside, or alternatively, (c) awarding Nahla a judgment in the amount of the value of the Bank Account Transfer.

### CLAIM IV
**Avoidance and Recovery of the Membership Interest Transfer as an
Actual Fraudulent Transfer
(New York Debtor & Creditor Law §§ 273(a)(1) and 276)**

63.    Nahla adopts and incorporates by reference the allegations set forth above in paragraphs 1–62.

64.    The Membership Interest was made with the actual intent to hinder, delay, or defraud a creditor of Mr. Brody.

65.    Mr. Brody made the Membership Interest Transfer within four years before the filing of this Complaint.

66.    Defendant Alyssa Soto Brody received the Membership Interest Transfer, and

11

therefore is the initial transferee of the Bank Account Transfer and/or the party for whose benefit the Bank Account Transfer was made.

67.     Therefore, Nahla, as Mr. Brody's creditor, is entitled to a judgment against Defendant Alyssa Soto Brody, pursuant to Section 273(a)(1) of the New York Debtor & Creditor Law, (a) avoiding, preserving, and recovering the Membership Interest Transfer for the benefit of Nahla, (b) directing that the Membership Interest Transfer be set aside, or alternatively, (c) awarding Nahla a judgment in the amount of the value of the Membership Interest Transfer.

**CLAIM V**
**Avoidance and Recovery of the Membership Interest Transfer as a**
**Constructive Fraudulent Transfer**
**(New York Debtor & Creditor Law §§ 273(a)(2) and 276)**

68.     Nahla adopts and incorporates by reference the allegations set forth above in paragraphs 1–67.

69.     Mr. Brody received less than reasonably equivalent value in exchange for the 29% Membership Interest Transfer.

70.     At the time of the Membership Interest Transfer, Mr. Brody was engaged or about to become engaged in business or a transaction for which the remaining assets of Mr. Brody after the Membership Interest Transfer was unreasonably small in relation to the business or transaction.

71.     At the time of the Membership Interest Transfer, Mr. Brody intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as such debts matured.

72.     Mr. Brody made the Membership Interest Transfer within four years before the filing of this Complaint.

73.     Defendant Alyssa Soto Brody received the Membership Interest Transfer, and

12

therefore is the initial transferee of the Membership Interest Transfer and/or the party for whose benefit the Membership Interest Transfer was made.

74.     Therefore, Nahla, as Mr. Brody's judgment creditor, is entitled to a judgment against Defendant Alyssa Soto Brody, pursuant to Section 273(a)(2) of the New York Debtor & Creditor Law (a) avoiding, preserving, and recovering the Membership Interest Transfer for the benefit of Nahla, (b) directing that the Membership Interest Transfer be set aside, or alternatively, (c) awarding Nahla a judgment in the amount of the value of the Membership Interest Transfer.

## CLAIM VI
### Avoidance and Recovery of the 29% Membership Interest Transfer as a Constructive Fraudulent Transfer
### (New York Debtor & Creditor Law §§ 274(a) and 276)

75.     Nahla adopts and incorporates by reference the allegations set forth above in paragraphs 1–74.

76.     Mr. Brody received less than reasonably equivalent value in exchange for the 29% Membership Interest Transfer.

77.     Upon information and belief, Mr. Brody was insolvent at the time the Membership Interest Transfer was made, or became insolvent as a result thereof.

78.     Mr. Brody made the Membership Interest Transfer within four years before the filing of this Complaint.

79.     Defendant Alyssa Soto Brody received the Membership Interest Transfer, and therefore is the initial transferee of the Membership Interest Transfer and/or the party for whose benefit the Membership Interest Transfer was made.

80.     Therefore, Nahla is entitled to a judgment against Defendant Alyssa Soto Brody, pursuant to Section 274(a) of the New York Debtor & Creditor Law (a) avoiding, preserving,

13

and recovering the Membership Interest Transfer for the benefit of Nahla, (b) directing that the Membership Interest Transfer be set aside, or alternatively, (c) awarding Nahla a judgment in the amount of the value of the 29% Membership Interest Transfer.

## PRAYER FOR RELIEF

WHEREFORE, Nahla respectfully requests that the Court enter judgment in favor of Nahla, and against the Defendant Alyssa Soto Brody, as follows:

a.  Avoiding and setting aside the November 15, 2021 Bank Account Transfer from Mr. Brody to Defendant Alyssa Soto Brody;

b.  Avoiding and setting aside the January 1, 2021 Membership Interest Transfer from Mr. Brody to Defendant Alyssa Soto Brody;

c.  Declaring, adjudging, and a decreeing that Nahla recover from Defendant Alyssa Soto Brody the assets conveyed through the Bank Account Transfer, the Membership Interest Transfer, and any other void or avoidable transfer that may be identified through discovery, or a sum equivalent to their total value, plus interest thereon;

d.  Awarding Nahla's attorney's fees and the costs of this action; and

e.  Granting such other relief as the Court deems just or proper.

## DEMAND FOR JURY TRIAL

Nahla demands trial by jury of all issues so triable.

Dated: New York, New York
       July 26, 2022

                                 Respectfully submitted,

                                 _____

                                 Patrick L. Robson
                                 HUNTON ANDREWS KURTH LLP
                                 200 Park Avenue, 52nd Floor
                                 New York, New York 10166
                                 (212) 309-1000
                                 probson@huntonak.com

                                 *Attorneys for Plaintiff*

15

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840
(rev. 07/29/2019)

**SUPREME** COURT, COUNTY OF **NEW YORK**

Index No: **652577/2022**    Date Index Issued: _____

| **For Court Use Only:** |
| --- |
| IAS Entry Date |
| Judge Assigned |
| RJI Filed Date |

**CAPTION**   Enter the **complete** case caption. Do not use et al or et ano. If more **space** is needed, attach a **caption** rider sheet.

SERIES 2020A OF NAHLA CAPITAL LLC,

Plaintiff(s)/Petitioner(s)

-against-

ALYSSA SOTO BRODY

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING**   Check only one box and specify where indicated.

**COMMERCIAL**
- O Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- O Contract
- O Insurance (where insurance company is a party, **except** arbitration)
- O UCC (includes sales and negotiable instruments)
- ◉ Other Commercial (specify): _a fraudulent conveyance action_

**NOTE:** For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the **COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C)**.

**REAL PROPERTY**   Specify how many properties the application includes: _____
- O Condemnation
- O Mortgage Foreclosure (specify):   O Residential   O Commercial
  Property Address: _____
  **NOTE:** For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the **FORECLOSURE RJI ADDENDUM (UCS-840F)**.
- O Tax Certiorari
- O Tax Foreclosure
- O Other Real Property (specify): _____

**OTHER MATTERS**
- O Certificate of Incorporation/Dissolution   [see **NOTE** in **COMMERCIAL** section]
- O Emergency Medical Treatment
- O Habeas Corpus
- O Local Court Appeal
- O Mechanic's Lien
- O Name Change
- O Pistol Permit Revocation Hearing
- O Sale or Finance of Religious/Not-for-Profit Property
- O Other (specify): _____

**MATRIMONIAL**
- O Contested
  **NOTE:** If there are children under the age of 18, complete and attach the **MATRIMONIAL RJI ADDENDUM (UCS-840M)**.
  For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (**UD-13**).

**TORTS**
- O Asbestos
- O Child Victims Act
- O Environmental (specify): _____
- O Medical, Dental or Podiatric Malpractice
- O Motor Vehicle
- O Products Liability (specify): _____
- O Other Negligence (specify): _____
- O Other Professional Malpractice (specify): _____
- O Other Tort (specify): _____

**SPECIAL PROCEEDINGS**
- O CPLR Article 75 (Arbitration) [see **NOTE** in **COMMERCIAL** section]
- O CPLR Article 78 (Body or Officer)
- O Election Law
- O Extreme Risk Protection Order
- O MHL Article 9.60 (Kendra's Law)
- O MHL Article 10 (Sex Offender Confinement-Initial)
- O MHL Article 10 (Sex Offender Confinement-Review)
- O MHL Article 81 (Guardianship)
- O Other Mental Hygiene (specify): _____
- O Other Special Proceeding (specify): _____

**STATUS OF ACTION OR PROCEEDING**   Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
| --- | --- | --- | --- |
| Has a summons and complaint or summons with notice been filed? | ◉ | O | If yes, date filed: 07/25/2022 |
| Has a summons and complaint or summons with notice been served? | O | ◉ | If yes, date served: _____ |
| Is this action/proceeding being filed post-judgment? | O | ◉ | If yes, judgment date: _____ |

**NATURE OF JUDICIAL INTERVENTION**   Check one box **only** and enter additional information where indicated.

- O Infant's Compromise
- O Extreme Risk Protection Order Application
- O Note of Issue/Certificate of Readiness
- O Notice of Medical, Dental or Podiatric Malpractice   Date Issue Joined: _____
- O Notice of Motion   Relief Requested: _____ Return Date: _____
- O Notice of Petition   Relief Requested: _____ Return Date: _____
- O Order to Show Cause   Relief Requested: _____ Return Date: _____
- O Other Ex Parte Application   Relief Requested: _____
- O Poor Person Application
- O Request for Preliminary Conference
- O Residential Mortgage Foreclosure Settlement Conference
- O Writ of Habeas Corpus
- ◉ Other (specify): This is a fraudulent conveyance action

| RELATED CASES | List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the RJI ADDENDUM (UCS-840A). | | | | |
|---|---|---|---|---|---|
| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case | |
| Series 2020A of Nahla Capital LLC v. Klaynberg | 650347/2021 | Supreme Court, NY County | Jennifer G. Schecter | action to enforce judgment | |
| | | | | | |
| | | | | | |
| | | | | | |

| PARTIES | | For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the RJI ADDENDUM (UCS-840A). | | | |
|---|---|---|---|---|---|
| Un-Rep | Parties<br>List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | Attorneys and Unrepresented Litigants<br>For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | Issue Joined<br>For each defendant, indicate if issue has been joined. | | Insurance Carriers<br>For each defendant, indicate insurance carrier, if applicable. |
| ☑ | Name: SERIES 2020A OF NAHLA CAPITAL LLC<br>Role(s): Plaintiff | Patrick L. Robson, HUNTON ANDREWS KURTH LLP, 200 Park Ave. 52nd Fl., NY, NY, 10166, 212-309-1000, probson@huntonAK.com | ○ YES | ◉ NO | |
| ☐ | Name: ALYSSA SOTO BRODY<br>Role(s): Defendant | | ○ YES | ◉ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES | ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES | ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES | ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES | ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES | ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES | ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES | ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES | ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES | ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES | ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES | ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES | ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES | ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES | ○ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: _____07/26/2022_____

_____
Signature

_____4135315_____
Attorney Registration Number

_____
Patrick L. Robson
Print Name

UCS-840C
3/2011

**SUPREME COURT OF THE STATE OF NEW YORK**

COUNTY OF <u>New York</u>
————————————————————————————— x

SERIES 2020A OF NAHLA CAPITAL LLC

Plaintiff(s)/Petitioner(s)

-against-
ALYSSA SOTO BRODY

Defendant(s)/Respondent(s)
————————————————————————————— x

Index No. <u>652577/2022</u>

RJI No. (if any) _____

## COMMERCIAL DIVISION
**Request for Judicial Intervention Addendum**

**COMPLETE WHERE APPLICABLE** [add additional pages if needed]:

**Plaintiff/Petitioner's cause(s) of action** [check all that apply]:

☒ Breach of contract or fiduciary duty, fraud, misrepresentation, business tort (e.g. unfair competition), or statutory and/or common law violation where the breach or violation is alleged to arise out of business dealings (e.g. sales of assets or securities; corporate restructuring; partnership, shareholder, joint venture, and other business agreements; trade secrets; restrictive covenants; and employment agreements not including claims that principally involve alleged discriminatory practices)

☐ Transactions governed by the Uniform Commercial Code (exclusive of those concerning individual cooperative or condominium units)

☐ Transactions involving commercial real property, including Yellowstone injunctions and excluding actions for the payment of rent only

☐ Shareholder derivative actions — without consideration of the monetary threshold

☐ Commercial class actions — without consideration of the monetary threshold

☐ Business transactions involving or arising out of dealings with commercial banks and other financial institutions

☐ Internal affairs of business organizations

☐ Malpractice by accountants or actuaries, and legal malpractice arising out of representation in commercial matters

☐ Environmental insurance coverage

☐ Commercial insurance coverage (e.g. directors and officers, errors and omissions, and business interruption coverage)

☐ Dissolution of corporations, partnerships, limited liability companies, limited liability partnerships and joint ventures — without consideration of the monetary threshold

☐ Applications to stay or compel arbitration and affirm or disaffirm arbitration awards and related injunctive relief pursuant to CPLR Article 75 involving any of the foregoing enumerated commercial issues — without consideration of the monetary threshold

**Plaintiff/Petitioner's claim for compensatory damages** [exclusive of punitive damages, interest, costs and counsel fees claimed]:

$ _____

**Plaintiff/Petitioner's claim for equitable or declaratory relief** [brief description]:

This is a fraudulent conveyance action that we are pursuing as judgment creditors of Eric Brody in a current action entitled: Series 2020A of Nahla Capital LLC v. Klaynberg, Index No. 650347/2021 (Sup. Ct. N.Y. Cnty.), Hon. Jennifer G. Schecter

**Defendant/Respondent's counterclaim(s)** [brief description, including claim for monetary relief]:

**I REQUEST THAT THIS CASE BE ASSIGNED TO THE COMMERCIAL DIVISION. I CERTIFY THAT THE CASE MEETS THE JURISDICTIONAL REQUIREMENTS OF THE COMMERCIAL DIVISION SET FORTH IN 22 NYCRR § 202.70(a), (b) AND (c).**

Dated: <u>07/26/2022</u>

_____
**SIGNATURE**

_____
Patrick L. Robson
**PRINT OR TYPE NAME**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------X
SERIES 2020A OF NAHLA CAPITAL LLC,

        Plaintiff(s),                        Index No. 652577/2022

   -against-                         AFFIDAVIT OF SERVICE

ALYSSA SOTO BRODY,

        Defendant(s).
--------------------------------------------------------X
STATE OF NEW YORK   )
                    S.S.:
COUNTY OF NEW YORK)

        MICHAEL MARRA, being duly sworn, deposes and says that he is over the age of eighteen years, is employed by the attorney service, METRO ATTORNEY SERVICE INC., and is not a party to this action.

        That on the 29th day of July, 2022, at approximately 12:38 PM, deponent served a true copy of the Summons, Complaint, Request for Judicial Intervention and Commercial Division Addendum and Notice of Electronic Filing upon ALYSSA SOTO BRODY c/o The Development Marketing Team at 290 Fifth Avenue, Sixth Floor New York, New York, by personally delivering and leaving the same with Sammy Berger, Director of Operations, a person of suitable age and discretion at that address, the actual place of business. At the time of service, deponent asked Sammy Berger if ALYSSA SOTO BRODY is in active military service or dependent upon someone in active military service for the United States of America or for the State in any capacity whatever and received a negative reply.

        Sammy Berger is a white female, approximately 35 years of age, stands approximately 5 feet 7 inches tall, weighs approximately 170 pounds with black hair.

        That on the 29th day of July, 2022, deponent served another copy of the foregoing upon ALYSSA SOTO BRODY by first class mail, by enclosing a true copy thereof in a securely sealed and postpaid wrapper with the words "PERSONAL AND CONFIDENTIAL" written on the same envelope,

and not indicating on the outside that it is from an attorney, and depositing the same into an official

depository maintained by the United States Postal Service, addressed as follows:

ALYSSA SOTO BRODY
c/o The Development Marketing Team
290 Fifth Avenue, Sixth Floor
New York, New York 10001

MICHAEL MARRA #2101634

Sworn to before me this
1st day of August, 2022

NOTARY PUBLIC

DOMINIC DELLAPORTE
Notary Public-State of New York
No. 01DE6052212
Qualified in Nassau County
Commission Expires December 11, 2022