```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
SERIES 2020A OF NAHLA CAPITAL LLC,                                 :
                                                                   :   22 Civ. 7122 (PAE)
                                    Plaintiff,                     :
                                                                   :   ORDER
                   -v-                                             :
                                                                   :
ALYSSA SOTO BRODY,                                                 :
                                                                   :
                                    Defendant.                     :
                                                                   :
------------------------------------------------------------------ X
```

PAUL A. ENGELMAYER, District Judge:

On August 21, 2022, defendant Alyssa Soto Brody ("Brody") filed a notice of removal in this case, asserting diversity of citizenship of the parties as the sole basis for federal jurisdiction. Dkt. 1. On review, it appears to the Court that plaintiff is a limited liability company ("LLC"). Specifically, plaintiff is "a registered Series [LLC] of Nahla Capital LLC, a limited liability company established under Delaware law and authorized to do business in New York." Dkt. 1, Ex. 1 at 3. Delaware law provides that such a component of a series LLC is a separate legal entity, with "the power and capacity to, in its own name, contract, hold title to assets . . . and sue and be sued." Del. Code Ann. tit. 6, § 18-215(b). The Complaint does not allege the citizenship of either Series 2020A of Nahla Capital LLC's members, or Nahla Capital LLC's members. *See id.* at 3–4. The Complaint also does not allege the identities of any other series LLCs within Nahla Capital LLC, and the citizenships of natural-person or corporate members thereof. The Complaint, accordingly, leaves doubt as to whether, as pled, there is true diversity of citizenship.

To enable the Court to determine whether there is diversity of citizenship, plaintiff must therefore file a letter, which must allege (1) the identities of any other series LLCs within Nahla

Capital LLC, and the citizenships of natural-person or corporate members thereof; (2) the citizenship of natural persons who are members of Nahla Capital LLC; (3) the citizenship of natural persons who are members of Series 2020A of Nahla Capital LLC; (4) the place of incorporation and principal place of business of any corporate entities who are members of Nahla Capital LLC; (5) and the place of incorporation and principal place of business of any corporate entities who are members of Series 2020A of Nahla Capital LLC. *See Handelsman v. Bedford Village Assoc. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)); *Strother v. Harte*, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members."). If plaintiff is unable to allege truthfully complete diversity based upon the citizenship of each constituent person or entity of the LLC, then the Complaint will be dismissed, without prejudice, for want of subject matter jurisdiction. *See Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990) ("[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power.").

Accordingly, the Court orders plaintiff to file a letter alleging the above by March 24, 2023.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: March 17, 2023
       New York, New York

2