UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                                  :
SERIES 2020A OF NAHLA CAPITAL LLC,         :
                                                                                   :    22 Civ. 7122 (PAE)
                                  Plaintiff,                                  :
                                                                                    :    ORDER
                                  -v-                                         :
                                                                                    :
ALYSSA SOTO BRODY,                               :
                                  Defendant.                            :
                                                                                    :
------------------------------------------------------------------- X

PAUL A. ENGELMAYER, District Judge:

       On March 17, 2023, the Court ordered plaintiff Series 2020A of Nahla Capital LLC to file a letter alleging, *inter alia*, its citizenship, the citizenship of Nahla Capital LLC, and the citizenship of other series LLCs within Nahla Capital LLC. Dkt. 27. On March 24, 2023, plaintiff filed a letter responding to the Court's order and stating, *inter alia*, that complete diversity is lacking between it and defendant Alyssa Soto Brody ("Brody"). Dkt. 28. Specifically, plaintiff alleges it has an LLC as a member, which in turn, has a natural-person member who is a citizen of Florida. *Id.* On March 25, 2023, Brody responded to plaintiff's letter, stating, *inter alia*, that it was entitled to "some documentation" from plaintiff "to show who the individual member" is that defeats diversity. Dkt. 30 at 2.

       "The Court must confirm its subject-matter jurisdiction." *Tutor Perini Bldg. Corp. v. N.Y.C. Reg'l Ctr., LLC*, No. 20 Civ. 731 (PAE), 2020 WL 7711629, at *1 (S.D.N.Y. Dec. 29, 2020). "[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power." *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990);

*see also All. for Env't Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 85 (2d Cir. 2006) (generally "the jurisdictional issue must be resolved before the merits issue").

To enable the Court (as well as Brody) to test the proposition that plaintiff's corporate structure is such that a Florida citizen is properly imputed for diversity jurisdiction (or lack thereof), the Court orders plaintiff to file, by March 30, 2023, documentation sufficient to (1) demonstrate plaintiff's corporate structure; and (2) identify by name the individual alleged to be a citizen of Florida. For avoidance of doubt, plaintiff is to file this information on the public docket. If good cause exists to redact the name of the individual member, plaintiff may seek leave from the Court to do so.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: March 28, 2023
       New York, New York

2