UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                            :
SERIES 2020A OF NAHLA CAPITAL LLC,                          :
                                                            :       22 Civ. 7122 (PAE)
                                    Plaintiff,              :
                                                            :       ORDER
            -v-                                             :
                                                            :
ALYSSA SOTO BRODY,                                          :
                                                            :
                                    Defendant.              :
                                                            :
------------------------------------------------------------------------ X

PAUL A. ENGELMAYER, District Judge:

This case was removed to this Court by defendant Alyssa Soto Brody ("Brody") on the basis of diversity jurisdiction. Plaintiff Series 2020A of Nahla Capital LLC ("Series 2020A") and Brody have each set forth, in letters, their respective positions as to whether the Court has diversity jurisdiction over this matter. *See, e.g.*, Dkt. 28 (Series 2020A, arguing that complete diversity is lacking); Dkt. 30 (Brody, arguing that complete diversity exists). The parties have also responded to the Court's orders seeking documentary evidence and supplemental briefing on this issue. *See, e.g.*, Dkts. 34, 36.

"[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power." *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990). Here, the parties have offered diversity jurisdiction alone as a potential basis for subject matter jurisdiction.

The operative legal principles are these. Diversity jurisdiction lies "only if there is no plaintiff and no defendant who are citizens of the same State." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). A limited liability company ("LLC") "takes the citizenship of each of

its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). "The party seeking to invoke federal jurisdiction has the burden of proving that diversity exists." *Nat'l Artists Mgmt. Co. v. Weaving*, 769 F. Supp. 1224, 1228 (S.D.N.Y. 1991). That party here is Brody, who removed on that ground. However, the "party alleging that there has been a change of domicile" by a relevant person or entity, including a member of an LLC, "has the burden of proving . . . [that person or entity's] intent to give up the old and take up the new [domicile], coupled with an actual acquisition of a residence in the new locality . . . ." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotations marks and citations omitted). That party here, as explained below, is Series 2020A.

The decisive issue as to diversity jurisdiction here is whether a member of LLC plaintiff 2020A is—like defendant Brody—a citizen of Florida. If so, there is not complete diversity, Brody's removal was improper, and remand is in order. That issue turns on the citizenship of one Marc Weidner, who is one of two natural-person members of an LCC that is a member of Series 2020A. *See* Dkt. 36, Ex. A (operating agreement identifying Weidner as minority, non-controlling member of LLC). Series 2020A contends that, as of August 21, 2022, the date of removal, and thereafter, Weidner has resided in Florida.

"Factors frequently taken into account [in determining an individual's domicile] include current residence, voting registration, driver's license and automobile registration, location of brokerage and bank accounts, membership in fraternal organizations, churches, and other associations, places of employment or business, and payment of taxes." *Bank of India v. Subramanian*, No. 06 Civ. 2026 (WHP), 2007 WL 1424668, at *3 (S.D.N.Y. May 15, 2007).

Weighing these factors, Series 2020A's evidence that Weidner is a Floridian resident is the more persuasive, such that it has carried its burden to show Weidner's change of domicile to

2

Florida prior to the date of removal. Series 2020A supplies (1) an affidavit from Weidner stating that he moved from New York to Florida in February 2021 and has lived as a resident of Florida since, *see* Dkt. 36 ¶ 4; and (2) Weidner's Florida driver's license, obtained in May 2021, after he claims to have moved from New York to Florida (and issued more than a year before Brody sought removal). "That [Weidner] applied for a [Florida] driver's license . . . , suggest[s] that he does intend to make [Florida] his domicile." *Kennedy v. Trs. of Testamentary Tr. of Will of Kennedy*, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009), *aff'd*, 406 F. App'x 507 (2d Cir. 2010). Further, as Brody admits in her letter, "Weidner maintains a rental apartment located at 17121 Collins Avenue, Apt. 807, Sunny Isles Beach, Florida." Dkt. 34 at 5.

The evidence supplied by Brody, in support of the claim that Weidner's true domicile is New York, is insufficient to offset Section 2020A's showing. Brody emphasizes that Weidner is registered to vote in New York. Although a person's place of voter registration is a factor in determining a person's domicile, *see Bank of India*, 2007 WL 1424668, at *3, here, the registration evidence shows that Weidner registered in 2018—predating the move to Florida— and that he today is listed as an "inactive" voter. *See* Dkt. 34, Ex. 2. This evidence thus merits little, if any, weight. That Weidner is undergoing a divorce in New York, teaches a once-a-week class at a New York-based university, and at an unspecified time "had a residence [in] and was domiciled" in Manhattan, Dkt. 34 at 5, also weigh lightly in the balance, relative to the evidence of Floridian citizenship mustered by Series 2020A.

The Court accordingly finds that the totality of the evidence establishes that Weidner is domiciled in Florida, and was as of August 21, 2022. As such, with a constituent member of the plaintiff, and the defendant, both domiciled in Florida, the Court lacks diversity jurisdiction over this action. *Weaving*, 769 F. Supp. at 1229. Brody acknowledges that such a finding as to

3

4

Weidner would defeat diversity jurisdiction and require remand. *See* Dkt. 34 at 1 ("[I]f it is ultimately determined that Marc Weidner was a citizen of the State of Florida at the time of the filing of the notice of removal and presently is a citizen of the State of Florida, then this case should be remanded.").

Accordingly, the Court dismisses this action without prejudice and remands the case to the New York Supreme Court. The Court also grants the motion at docket number 37 to seal a portion of Weidner's affidavit containing sensitive and irrelevant business information. The Clerk of Court is respectfully directed to terminate all pending motions and close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: April 11, 2023
New York, New York